# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

CIVIL NO. 2:08CV20-1
(2:06CR26)

| | |
|---|---|
| KEVIN JACOB HOLLAND, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM AND** <br> **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed July 14, 2008. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 7, 2006, Petitioner was one of three individuals indicted on one count of conspiring to steal firearms and to possess stolen firearms in violation of 18 U.S.C. §§ 922(g)(j), 924(l), and 371 (Count One), and one count of possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(l) (Count Two). **Bill of Indictment, filed August 7, 2006.** Petitioner was also indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). *Id*. Thereafter, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to Counts One and Three in exchange for the Government's dismissal of Count Two. **Plea Agreement, filed November 14, 2006.** On December 1, 2006, the Petitioner and counsel attended a Rule 11 hearing where he formally entered his guilty pleas pursuant an Amended Plea Agreement. **Rule 11 Inquiry and Order of Acceptance of Plea, filed December 1, 2006; Amended Plea Agreement, filed**

**December 1, 2006.** On July 17, 2007, the Government filed a motion for downward departure to reflect the Petitioner's substantial assistance. **Motion for Downward Departure, filed July 17, 2007.** On July 19, 2007, after granting the Government's downward departure motion, this Court sentenced Petitioner to 60 months imprisonment on Count One and a concurrent sentence of 156 months on Count Three; Count Two was dismissed on the Government's motion. **Judgment of Conviction in a Criminal Case, filed August 16, 2007**. Petitioner did not file an appeal.

On July 14, 2008, Petitioner timely filed the instant motion to vacate arguing that: 1) his guilty plea was involuntary because his counsel led him to believe that he would not be classified as an armed career criminal; and 2) the Court incorrectly classified Petitioner as an armed career criminal and his counsel was ineffective for failing to challenge this classification at sentencing.[1]

---

[1] Although Petitioner delineates four separate claims in his § 2255 motion, the last three claims are redundant and all are in regard to his counsel's alleged ineffectiveness for failing to challenge the use of his state burglary conviction as a predicate offense for the armed career criminal classification. As such, Court will address Petitioner's final three claims as one.

# II. ANALYSIS

## A. Involuntary Guilty Plea

Petitioner alleges that his guilty plea was involuntary because it was based upon his counsel's assurance that he would not be found to be an armed career criminal.

The record does not support Petitioner's claim. Petitioner signed a plea agreement in which he specifically acknowledged the understanding that "the Court has not yet determined the sentence, that any estimate from *any source, including defense counsel, of the likely sentence is a prediction rather than a promise*, and that the Court has the final discretion to impose any sentence up to the statutory maximum." **Amended Plea Agreement, ¶ 6 (emphasis added).** Moreover, during the Rule 11 hearing, Petitioner swore under oath that his guilty plea was "voluntary and not the result of coercion, threats, or promises other than those contained in his plea agreement." **Rule 11 Inquiry, ¶ 28.** Furthermore, Petitioner swore under oath that he understood that if his sentence was more severe than he expected he would still be bound by his plea. *Id.* ¶ 22.

In reaching a decision on this claim, the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his

Rule 11 Hearing. **See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991) (statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).** As such, based upon the plea agreement entered by Petitioner and his own representations under oath at his plea hearing, this Court holds that, at a minimum, Petitioner was not prejudiced by the alleged assurance by his counsel regarding a possible armed career criminal status.

**B. Ineffective Assistance of Counsel**

Petitioner contends that he received ineffective assistance of counsel. In order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been

6

different. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689**; ***Fields v. Attorney General of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1995)**. Petitioner bears the burden of proving *Strickland* prejudice. ***Id.* at 1297.** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." ***Id.* at 1290.**

In the instant case, Petitioner fails to establish that he was prejudiced. That is, Petitioner was correctly classified as an armed career criminal; therefore, his counsel was not ineffective for failing to challenge this determination.

Petitioner challenges the use of a burglary conviction committed when he was 17 years old as a predicate conviction for purposes of career offender status.[2] Petitioner asserts that because he was 17 years old at the time he committed this crime, this state court conviction should not

---

[2] Reviewing Petitioner's presentence report it is unclear to the Court precisely which state court conviction he is challenging. While there is a burglary conviction listed in paragraph 38, he was 18 when convicted of that crime. **Presentence Investigation Report, prepared April 23, 2007.** When he was 17 years old, Petitioner was convicted of felony breaking and entering. ***Id.*** In any event, it has no impact on the Court's decision here.

have been counted. In addition, Petitioner asserts that his conduct did not constitute a burglary under North Carolina law.

In North Carolina a juvenile is defined as someone 16 years old and younger. **N.C. Gen. Stat. § 7A-517(12)**. As such, a North Carolina state court conviction of a 17 year-old individual may be used as a predicate offense without satisfying the higher standards for juvenile convictions for armed career criminal purposes. **See United States v. Walters, 359 F.3d 340, 345 n.4 (4th Cir. 2004); United States v. Lender, 985 F.2d 151 (4th Cir. 1993).**

Petitioner also argues that his burglary conviction should not be used as a predicate offense because he was not really guilty of burglary. He argues that because he did not commit the crime in question at night it was not a burglary. The validity of prior state court convictions are not proper arguments before a federal sentencing court. **See Custis v. United States, 511 U.S. 485, 497 (1994)(holding that, generally, a defendant may not attack a predicate offense underlying a statutorily mandated sentence enhancement through a federal sentencing proceeding); Daniels v. United States, 532 U.S. 374 (2001) (holding that in general a petitioner may not collaterally challenge the validity of a prior state**

**court conviction used to enhance his sentence under the Armed Career Criminal Act).** Consequently, Petitioner's counsel was not ineffective and Petitioner was not prejudiced by his counsel's failure to challenge the use of the burglary state conviction at issue. [3]

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: October 27, 2008

Lacy H. Thornburg
United States District Judge

---

[3] Petitioner's allegation does not present an issue under *Shepard v. United States*, 544 U.S. 13 (2005), because Petitioner is asserting that he is not guilty of the crime with which he was charged. He is not asserting that the statute under which he was convicted is not a "generic burglary." Moreover, any such argument would be futile as second degree burglary under North Carolina law is a crime of violence for purposes of the Armed Career Criminal Act. **See *United States v. Bowden*, 975 F.2d 1080, 1085 (4th Cir. 1992)(citing *Taylor v. United States*, 495 U.S. 575 (1990)).**